**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MELVIN ANDERSON,                         Case Number: 07-CV-12154
                                         HON. GEORGE C. STEEH
        Petitioner,                      UNITED STATES DISTRICT JUDGE

v.

JAN E. TROMBLEY,

        Respondent.

_____/

**OPINION AND ORDER DENYING**
**THE PETITION FOR WRIT OF HABEAS CORPUS**

        Melvin Anderson, ("Petitioner"), currently incarcerated at the Saginaw

Correctional Facility in Freeland, Michigan, has filed a *pro se* petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions of two

counts of possession with intent to deliver 50 or more but less than 450 grams of

cocaine, M.C.L. 333.7401(2)(a)(iii), two counts of possession of a firearm during

the commission of a felony, second offense, M.C.L. 750.227b, and one count of

felon in possession of a firearm, M.C.L. 750 .224f.  For the reasons stated below,

the petition for writ of habeas corpus is DENIED.

**I. Background**

        Petitioner was convicted of the above offenses following a jury trial in the

Oakland County Circuit Court.  Petitioner has provided the Court with an

1

extensive factual summary of the case.  Respondent has not disputed these facts

in his answer.  The Court will therefore accept the factual allegations contained

within the habeas petition insofar as they are consistent with the record, because

the respondent has not disputed them. *See Dickens v. Jones*, 203 F.Supp.2d

354, 360 (E.D. Mich. 2002). Because the facts of this case have been repeated

numerous times, they need not be repeated here in their entirety.  Therefore, only

a brief overview of the facts is required. *See Nevers v. Killinger,* 990 F. Supp.

844, 847 (E.D. Mich. 1997).  Accordingly, the Court will merely recite verbatim the

relevant facts regarding petitioner's conviction from the Michigan Court of

Appeals' opinion affirming his conviction, which are presumed correct on habeas

review. *See Long v. Stovall,* 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006):

> Defendant's convictions arose from the discovery of cocaine on
> defendant's person and inside a residence in Pontiac during the
> execution of a search warrant. A handgun was also found inside the
> residence.
> ************************************************************************************
>
> Circumstantial evidence showed that defendant was living at the Karen
> Court residence. Letters written to defendant at another address were
> found at the Karen Court residence. In addition, clothing that was
> consistent with defendant's size was found in a bedroom closet and
> also on the floor on the side of a bed. The jury could also conclude that
> a spiral notebook with defendant's nickname on it and other items
> located near it, such as a box of sandwich bags with a pair of scissors,
> belonged to defendant. Items connected to defendant were also found
> near a bottle of Mannitol and a shoebox that had cocaine residue.
>
> ************************************************************************************
>
> In this case, a firearm was found underneath a bedroom mattress.
> Men's clothing was found on the floor on one side of the bed and

2

women's clothing on the floor on the other side of the bed. The gun was found under the mattress on the side with the men's clothing.

*People v. Anderson,* No. 260698, * 1, 4 (Mich.Ct.App. September 28, 2006).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 477 Mich. 1006, 726 N.W.2d 44 (2007).  Further facts will be discussed when addressing petitioner's claims.  Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I.      WHETHER DEFENDANT-APPELLANT MELVIN ANDERSON WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND CONST. 1963, ART. I, SEC. 20, WHERE COUNSEL WAS LATE AND APPARENTLY NOT FULLY PREPARED ON THE FIRST DAY OF TRIAL, FAILED TO PRESENT EXCULPATORY EVIDENCE AVAILABLE BASED ON A REVIEW OF THE PRELIMINARY EXAMINATION TRANSCRIPT, INVITED POLICE OFFICERS TO SPECULATE TO DEFENDANT'S PREJUDICE ON DEFENDANT'S MOTIVES FOR HIS ACTIONS, FOLLOWED A LINE OF QUESTIONING WITHOUT APPARENTLY LOOKING AT HIS CLIENT, WHICH RENDERED MR. ANDERSON'S FOOTWEAR NEAR EVIDENCE OF GUILT, FAILED TO CROSS EXAMINE EFFECTIVELY AT THE EVIDENTIARY HEARING AND AT TRIAL IN THE PRESENT CASE, AND WHERE TRIAL COUNSEL'S HEARING LOSS APPEARED TO HAVE AFFECTED HIS ABILITY TO FULLY FOLLOW THE PROCEEDINGS.

II.     THE TRIAL COURT ERRED DENYING DEFENDANT-APPELLANT HIS RIGHT TO BE FREE OF UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AMENDMENT AND UNDER CONST. 1963 ART. I, SEC. 11, WHERE IT UPHELD HIS DETENTION SOME 20 YARDS FROM THE RESIDENCE WHERE THERE WAS NO EVIDENCE PRESENTED AT THE TIME THE SEARCH WARRANT WAS ISSUED THAT DEFENDANT RESIDED AT THE PLACE BEING SEARCHED, THAT HE HAD COMMITTED ANY CRIME IMMEDIATELY PRIOR TO THE SEARCH, OR IN POLICE PRESENCE.

III.    THE DEFENDANT WAS DENIED HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW UNDER THE FIFTH AMENDMENT AND CONST 1963

3

ART. I, SEC. 17, AND HIS CONVICTION MUST BE REVERSED WHERE THERE WAS INSUFFICIENT EVIDENCE PRESENTED AT TRIAL TO SUPPORT HIS CONVICTION OF POSSESSION OF THE NARCOTICS AND THE GUN FOUND INSIDE THE HOME, AND THUS INSUFFICIENT EVIDENCE OF POSSESSION WITH INTENT TO DELIVER, FELONY, AND FIREARM, AND FELON IN POSSESSION.

IV.   DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO A FAIR TRIAL, AND DUE PROCESS OF LAW UNDER THE FIFTH AMENDMENT AND CONST. 1963, ART. 1, SEC. 17, WHERE THE PROSECUTION IN CLOSING ARGUMENTS REFERRED TO MATTERS WHICH WERE NOT SUPPORTED BY THE EVIDENCE AND WHERE THE PROSECUTOR WITHHELD POTENTIAL EXCULPATORY EVIDENCE, WHERE THE PROSECUTOR OFFERED THE USE OF A FIELD TEST AS PROOF THAT THE SUBSTANCE SEIZED FROM THE HOUSE WAS COCAINE, WITHOUT INFORMING THE JURY THAT THE FIELD TEST USED WAS PRESUMPTIVE ONLY.

V.   THE TRIAL COURT ABUSED IT'S DISCRETION, DENYING DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW UNDER THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION AND CONST. 1963, ART. I, SEC. 17, WHERE IT PERMITTED THE PROSECUTION'S WITNESS TO FIELD TEST A SAMPLE OF THE COCAINE IN THE RESIDENCE WITHOUT REQUIRING THAT THE JURY BE INFORMED THAT THE TEST IS A PRESUMPTIVE TEST ONLY.

## II.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III.  Discussion

**A. Claim # 1. The ineffective assistance of counsel claim.**

Petitioner first claims that he was denied the effective assistance of counsel.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687. A

petitioner is entitled to habeas relief on his or her ineffective assistance of counsel claim if he or she can satisfy both prongs of the *Strickland* test. *See Hall v. Vasbinder,* 551 F.Supp.2d 652, 672 (E.D. Mich. 2008). The defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. The defendant must also show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

In the present case, because petitioner did not raise his ineffective assistance of counsel claims in a proper motion for a new trial or evidentiary hearing in the trial court pursuant to *People v. Ginther*,[1] and the Michigan Court of Appeals previously denied petitioner's motion for a remand, the Michigan Court of Appeals limited their review of petitioner's ineffective assistance of counsel claims to mistakes which were apparent from the record. *Anderson,* Slip. Op. at * 6.

Petitioner's first claim is that counsel was inefficient for failing to explore relevant matters that were raised at the preliminary examination. Petitioner

---

[1]  *See People v. Ginther,* 390 Mich. 436, 443; 212 N.W. 2d 922 (1973).

6

specifically claims that counsel failed to make use of exculpatory or relevant

impeaching and other evidence found in the preliminary examination transcripts.

He cites to language regarding the detention.  Petitioner takes issue with

testimony offered at trial where officers requested that he leave the vehicle.

Petitioner cites to excerpts in the Preliminary Transcript where the officers

testified to the "take down" of Petitioner's car.

      In this case, counsel's decision not to challenge the officer over the minor

inconsistency about how the officers detained the Petitioner was not ineffective

assistance of counsel. *See Campbell v. United States,* 364 F. 3d 727, 735 (6th

Cir. 2004).  Counsel's failure to impeach the victim about this inconsistency did

not undermine confidence in outcome of the case, since a variety of other

impeachment evidence was admitted in this case. *See Wolfe v. Bock,* 412 F.

Supp. 2d 657, 676-77 (E.D. Mich. 2006).  Moreover, because this discrepancy

was a minor difference in the officer's testimony and is not a basis for concluding

that the officer perjured himself, defense counsel was not ineffective for failing to

cross-examine the officer about his prior testimony from the preliminary

examination or for failing to assert that the officer perjured himself at trial. *See*

*Greene v. Lafler,* 447 F. Supp. 2d 780, 794 (E.D. Mich. 2006).

      In the present case, defense counsel's performance did not constitute

ineffective assistance of counsel where the record shows that defense counsel

carefully cross-examined the officer and in his closing argument emphasized the

7

inconsistencies and weaknesses in his testimony, as well as his possible motivations for fabricating these charges against petitioner. *See Krist v. Foltz,* 804 F. 2d 944, 948-49 (6th Cir. 1986); *Millender v. Adams,* 187 F. Supp. 2d 852, 872 (E.D. Mich. 2002).

Petitioner next claims that his trial counsel failed to call his co-defendant and parole officer as defense witnesses. [2]  To summarize their testimony, it appears that these witnesses would have testified that the petitioner did not live at the house in question where the cocaine and the firearms were found. Petitioner concedes and the trial transcript reflects that trial counsel informed the jury in his opening argument that the co-defendant if called would testify that petitioner was not a resident of 36 Karen Court (T Tr December 9, 2004, Part B, pp. 57-58).  However, defense counsel did call Petitioner's mother who testified that Petitioner lived with her at her house. *Id.* at Part E * 225.

It is apparent from the record that testimony and evidence was strategically chosen by defense counsel.  Trial counsel's failure to present evidence which counsel alludes to in his opening statement does not, in and of itself, constitute ineffective assistance. *Goins v. Angelone*, 52 F. Supp. 2d 638, 660 (E.D. Va. 1999).  Even if trial counsel's opening statement explicitly promises to present certain evidence during trial, if the decision not to present the promised evidence is motivated in any way by tactical considerations or

---

[2]  *See* Petition for Writ of Habeas Corpus, pp. 30-31.

strategy, it is highly unlikely to be held ineffective. *Id.*

Petitioner goes to great length in explaining that his trial counsel was ineffective for failing to explore to the extent he had dominion and control over the bag found in the closet or the tally notebook found on the side of the bed near the men's clothing.  He makes reference to testimony elicited which states that the indentation on the notebook cover appeared to be that of a man, a woman, and possibly a child.  Petitioner's mother testified at the trial that the co-defendant lived at the residence with her daughter, that petitioner and co-defendant were not just friends, but dated and socialized together and that her son occasionally would spend the night.  (Tr. December 9, 2004 Part E,pp. 230-231, 223-234 [Habeas Brief p.14]).  The notebook indentation also contained the word "Smiley," Petitioner's street name. *Id.* at Part C *109.  It is clear from the record that trial counsel exercised sound trial strategy in not calling the co-defendant to testify, as she would most likely have provided damaging testimony.

Petitioner also alleges that counsel was ineffective for failing to challenging the jury array.  The trial transcript reflects that counsel did in fact challenge the jury array and expressed concern "because this jury will be prominently a white jury...Most of those people who come here now will be from outlying communities, and the reason they moved out of Pontiac was because of racial consideration.  There is a racial bias, inherent racial bias in the very places

9

that they live." The prosecution indicated for the record that "the jury is selected by voter registration or licence registration." Furthermore the record reflects "we haven't even seen them." Defense counsel continued to object stating "we're entitled to a jury of our peers." (T Tr December 9, 2004,Vol. 1 pp. 9-11)

In denying defense counsel's motion, the Court ruled "that a man's jury by peers are the people within the community which encompassed the entire county." *Id.* at 12.

Petitioner's ineffective assistance of counsel claim fails, because petitioner had failed to show either that African-Americans have been underrepresented on jury venires in Oakland County in general or that any underrepresentation of African-Americans from his jury pool was due to systematic exclusion.

A defendant may not challenge the makeup of a jury merely because no members of his or her race are on a jury, but must prove that his or her race has been systematically excluded. *Apodoca v. Oregon*, 406 U.S. 404, 413 (1972); *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 598-99 (E.D. Mich. 2001). In order to establish a *prima facie* violation of the fair cross-section requirement, a defendant must show:

> (1) that the group alleged to have been excluded is a 'distinctive group' in the community;
> (2) that the representation of that group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and
> (3) that the underrepresentation is due to the systematic exclusion of the group in the jury selection process.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979).

"More than mere numbers must be provided to establish" that members of a particular ethnic or racial group are systematically under represented in the jury venire. *United States v. Greene*, 971 F. Supp. 1117, 1128 (E.D. Mich. 1997). The strength of the evidence of underrepresentation of the group in the venire is only one factor to be considered in determining whether a *prima facie* violation of the fair cross-section requirement has been established.  Factors such as the nature of the process by which jury lists are composed and the length of time of underrepresentation, together with the strength of the evidence that purports to establish unfair and unreasonable representation also need to be examined. *Id.* (*citing to Ford v. Seabold*, 841 F. 2d 677 (6th Cir. 1988)).

In the present case, petitioner has failed to offer any evidence that African-Americans would be systematically excluded from his jury.  A state court's reliance upon voter registration and driver's license lists as sources of potential jurors does not systematically exclude minorities from juries for Sixth Amendment purposes. *Johnston v. Bowersox*, 119 F. Supp. 2d 971, 980-981 (E.D. Mo. 2000).  Indeed, "[T]he circuit courts have consistently found that drivers' license lists and voter's registration lists are "facially neutral" and allow no opportunity for subjective or racially motivated exclusions." *Greene,* 971 F. Supp. at 1129.  Petitioner has thus presented this Court with no evidence that African-Americans are systematically excluded from jury service in Oakland

11

County. Furthermore, petitioner's brief makes reference to counsel's objection to the jury veneer. (Habeas Brief p.8)  Because petitioner has presented no evidence that counsel failed to object or that African-Americans are systematically excluded from jury service in Oakland County or that the selection process was not facially neutral, he is not entitled to habeas relief due to the ineffective assistance of counsel on this claim.

Petitioner next claims that counsel was ineffective for failing to object to the sufficiency of the search warrant.  The Michigan Court of Appeals rejected petitioner's claim that trial counsel failed to challenge the sufficiency of the search warrant by noting that petitioner had conceded that the warrant was sufficient, thus, he was not prejudiced by any alleged error.  *Anderson*, Slip Op. * 7.  Because petitioner has not shown that the search warrant was insufficient in this case, he is not entitled to habeas relief on this claim.

In connection with the search warrant, Petitioner also claimed that his trial counsel was ineffective for failing to have this search warrant enlarged for the jury to demonstrate that he was not the target of the search warrant.   Petitioner was not prejudiced by counsel's failure to have the search warrant enlarged,  in light of the fact that the officers testified that Petitioner was the target of the search warrant.(Tr. December 9, 2004, Part C, pp. 104-105).

Petitioner also claims that counsel was ineffective for asking questions that elicited unfavorable testimony.  Given the officer's testimony that drug

12

dealers wear both expensive and inexpensive clothing, petitioner was not prejudiced by counsel's questioning which led to the revelation that petitioner was wearing alligator or snake skin shoes.  More importantly, any deficiency by counsel in opening the door concerning the details of petitioner's clothing did not prejudice petitioner, so as to support an ineffective assistance of counsel claim, in light of the fact that this evidence was neither the strongest evidence nor the only evidence of petitioner's guilt to the charged offense. *See Bridges v. Cason,* 198 Fed. Appx. 491, 494-95 (6th Cir. 2006); *See also Salem v. Yukins,* 414 F. Supp. 2d 687, 699 (E.D. Mich. 2006)(defense counsel's opening the door to questions regarding the habeas petitioner's prior drug conviction did not prejudice petitioner, in light of the overwhelming evidence of her guilt).

The officers testified that 125.44 grams of cocaine was found on the Petitioner.(T Tr December 9, 2008, Part E, p. 203)  Upon execution of the search warrant, the officers seized additional cocaine, a handgun and other evidence from the house. Reference to Petitioner's shoes did not cause prejudice in light of the overwhelming evidence presented at trial.  "[*S]trickland* acknowledges that conclusions supported by other properly admitted evidence may be unaffected by the introduction of evidence that, although improperly admitted, is cumulative." *Bridges,* 198 Fed. Appx. at 495.

Finally, petitioner contends that counsel was ineffective for failing to request an instruction on the defense theory in this case.  While it is true that

13

counsel did not present the defense theory of the case, the prosecution likewise did not have its theory of the case read to the jury. As a result, petitioner was not prejudiced by this omission. Petitioner was not prejudiced by counsel's alleged deficient performance in failing to seek a jury instruction explaining its theory of the case, as required to support a claim of ineffective assistance, because in light of the evidence presented in this case, petitioner has failed to show how he was prejudiced by the omission of this instruction. *See Campbell v. United States,* 364 F. 3d 727, 733 (6th Cir. 2004).

Petitioner's other claims regarding counsel's arriving late on the first day of trial or counsel's hearing difficulties did not prejudice petitioner. Petitioner is not entitled to habeas relief on his first claim.

### B.  Claim # 2.  The Fourth Amendment claim.

In his second claim, petitioner challenges the legality of the seizure of the evidence, claiming that it was seized by the police in violation of his Fourth Amendment right to be free from unreasonable search and seizure.

A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95; 96 S. Ct. 3037, 3052-53; 49 L. Ed 2d 1067 (1976); *Machacek v. Hofbauer*, 213 F. 3d 947, 952 (6th Cir. 2000); *Martin v. Jabe*, 747 F. Supp. 1227, 1231 (E.D. Mich. 1989). For such an opportunity to have existed, the state must have provided, in

14

the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F. 2d 522, 526 (6th Cir. 1982).  The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003).

Therefore, on federal habeas review, a federal court cannot re-examine a petitioner's Fourth Amendment claim that evidence should have been suppressed as "poisonous fruit" of his or her illegal arrest or search, where the state provided an opportunity for full and fair litigation of the habeas petitioner's Fourth Amendment claim prior to trial. *See Walendzinski v. Renico,* 354 F. Supp. 2d 752, 759 (E.D. Mich. 2005); *Monroe v. Smith,* 197 F. Supp. 2d 753, 766 (E.D. Mich. 2001).

Petitioner is unable to raise a Fourth Amendment claim that the evidence in this case was the product of an illegal arrest or search when he raised the factual basis for this claim in the state trial and appellate courts and the state courts thoroughly analyzed the facts and applied the proper constitutional law in rejecting his claim. *Machacek*, 213 F. 3d at 952; *Monroe,* 197 F. Supp. 2d at 766.  Petitioner raised objections to the search in his pretrial motion to supress the evidence.  After a thorough review of this issue by the Michigan Court of

15

Appeals, the court ruled that the detention of Petitioner was justified. *Anderson,* Slip. Op. * 2. Accordingly, petitioner is not entitled to habeas relief on his claim**.**

### Claim # 3. The sufficiency of evidence claim.

Petitioner next claims that there was insufficient evidence to convict him of two counts of possession with intent to deliver 50 or more but less than 450 grams of cocaine, two counts of possession of a firearm during the commission of a felony, second offense, and one count of felon in possession of a firearm.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002). "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Gardner v. Kapture,* 261 F. Supp. 2d 793, 805 (E.D. Mich. 2003)(*quoting Walker v. Engle*, 703 F. 2d 959, 970 (6th Cir. 1983)). A habeas

16

court does not substitute its own judgment for that of the finder of fact. *See Johnigan v. Elo,* 207 F. Supp. 2d 599, 606 (E.D. Mich. 2002). Finally, in reviewing a sufficiency of evidence claim on habeas review, the *Jackson* standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 607-08 (*quoting Jackson*, 443 U.S. at 324 n. 16).

Petitioner claims that there was insufficient evidence to establish that he possessed the cocaine and the firearm taken from the house.

Under Michigan law, a defendant need not have actual physical possession of a controlled substance in order to be guilty of possessing it. *People v. Wolfe,* 440 Mich. 508, 519-20; 441 N.W. 2d 1201 (1992). Possession of a controlled substance may be actual or constructive. *Id.* "Constructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the contraband." *Id.* at 521. Constructive possession of a controlled substance can be proven by circumstantial evidence. *See People v. McGhee,* 268 Mich. App. 600, 623; 709 N.W. 2d 595 (2005).

Likewise, possession of a firearm under Michigan law can be actual or constructive and can be proven by circumstantial evidence. *See People v. Hill*, 433 Mich. 464, 469; 446 N.W. 2d 140 (1989). A defendant may have constructive possession of a firearm if its location is known to the defendant and if it is reasonably accessible to him. *Id.* at 470-71.

17

In the present case, there was sufficient evidence for a rational trier of fact to conclude that petitioner was in constructive possession of the cocaine and the firearm recovered from the home.  Circumstantial evidence showed that petitioner was living at this residence.  The police testifed that male clothing that was consistent with petitioner's size was found in a bedroom closet and also on the floor on one side of the bed.  Women's clothing was found on the other side of the bed.  A firearm was found underneath the bed's mattress located on the side with the men's clothing.  The police also seized a spiral notebook with petitioner's nickname on it and other items located near it, such as a box of sandwich bags with a pair of scissors and letters written to petitioner.  The jury could conclude that these items belonged to petitioner.  In addition, other items connected to petitioner were also found near a bottle of Mannitol and a shoebox that had cocaine residue.  Finally, the police recovered over one hundred and twenty grams of cocaine from petitioner's pocket, while he was sitting inside of a parked vehicle in the parking lot near the residence.  A rational trier of fact could reasonably infer from petitioner's possession of this large amount of cocaine that he also possessed the cocaine and the firearm found inside the house.

When viewing the totality of the circumstances in this case, a rational trier of fact could conclude that petitioner was in constructive possession of the cocaine and firearm recovered from the apartment.  The Michigan Court of Appeals' decision that there was sufficient evidence to maintain a conviction

against petitioner on a constructive possession theory was objectively reasonable, thus defeating petitioner's claim for habeas relief. *See Hurtado v. Tucker,* 245 F. 3d 7, 18-20 (1st Cir. 2001); *Cf. Grace v. Artuz,* 258 F. Supp. 2d 162, 175 (E.D.N.Y. 2003)(state court's determination that petitioner was not denied effective assistance of counsel due to appellate counsel's failure to challenge sufficiency of evidence supporting his convictions on drug and weapons charges did not warrant federal habeas relief, even though state relied wholly on circumstantial evidence to support its theory that petitioner constructively possessed evidence seized, in light of evidence that drugs, money and gun were found in the bedroom of an apartment in which petitioner lived with his mother until at least five months prior to search).

### Claim # 4.  The prosecutorial misconduct claim.

Petitioner next contends that the prosecutor committed various acts of prosecutorial misconduct.  Respondent contends that petitioner's prosecutorial misconduct claims are procedurally defaulted because petitioner failed to preserve the issues by objecting  at trial and as a result, the Michigan Court of Appeals reviewed these claims for plain error only. *See Anderson,* Slip.Op.at * 5.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the

19

claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*,

501 U.S. 722, 750-51 (1991).  If petitioner fails to show cause for his procedural

default, it is unnecessary for the court to reach the prejudice issue. *Smith v.*

*Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a

constitutional error has probably resulted in the conviction of one who is actually

innocent, a federal court may consider the constitutional claims presented even

in the absence of a showing of cause for procedural default. *Murray v. Carrier*,

477 U.S. 478, 479-80 (1986).  However, to be credible, such a claim of

innocence requires a petitioner to support the allegations of constitutional error

with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513

U.S. 298, 324 (1995).  Actual innocence, which would permit collateral review of

a procedurally defaulted claim, means factual innocence, not mere legal

insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In this case, the Michigan Court of Appeals clearly indicated that by failing

to object at trial, petitioner had not preserved these prosecutorial misconduct

claims.  The fact that the Michigan Court of Appeals engaged in plain error

review of petitioner's claims does not constitute a waiver of the state procedural

default. *Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000).  Instead, this

Court should view the Michigan Court of Appeals' review of petitioner's claim for

plain error as enforcement of the procedural default. *Hinkle v. Randle,* 271 F. 3d

239, 244 (6th Cir. 2001).  Petitioner's claims are procedurally defaulted.

20

In the present case, petitioner has failed to allege any reasons to excuse his procedural default.  Although ineffective assistance of counsel may be cause to excuse a procedural default, that claim itself must be exhausted in the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).  Although petitioner raised numerous ineffective assistance of counsel claims in the state courts, petitioner did not raise a claim in the state courts regarding counsel's failure to object to the prosecutorial misconduct.  Because petitioner never raised in the Michigan courts a specific claim about trial counsel's failure to object to these instances of prosecutorial misconduct, any alleged ineffectiveness of counsel cannot constitute cause to excuse petitioner's default with respect to his prosecutorial misconduct claims. *See Wolfe* v. Bock, 412 F. Supp. 2d 657, 684 (E.D. Mich. 2006).  Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding these prosecutorial misconduct claims. *Smith*, 477 U.S. at 533.

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider these prosecutorial misconduct claims as a ground for a writ of habeas corpus in spite of the procedural default.  Petitioner's sufficiency of evidence claim is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).  Because petitioner has not presented any new reliable evidence that he is innocent of

21

these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's prosecutorial misconduct claims on the merits. *See Harris v. Stegall*, 157 F. Supp. 2d 743, 751 (E.D. Mich. 2001). Petitioner's prosecutorial misconduct claims are procedurally barred and he is therefore not entitled to relief on these claims.

### E.  Claim # 5.  The admission of the field test concerning the cocaine.

Petitioner finally claims that the trial court improperly admitted the results of field tests performed on the cocaine by the police in court. Petitioner's final claim is also procedurally defaulted because petitioner failed to preserve the issue by objecting at trial. *See Anderson,* Slip. Op. at * 5. In reviewing this claim for plain error only, the Michigan Court of Appeals found that no substantial rights were effected because the officer explained how the test is conducted, performed the testing in court, and characterized this type of test as preliminary only. *Id.*

Unless a violation of a state's evidentiary rule results in the denial of fundamental fairness, an issue concerning the admissibility of evidence does not rise to the level of a constitutional violation. *See Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988); *Coy v. Renico,* 414 F. Supp. 2d 744, 756 (E.D. Mich. 2006). As the Sixth Circuit has noted, "[e]rrors by a state court in the admission of evidence are not cognizable in habeas proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant

22

the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F. 3d 363, 370 (6th Cir. 1994).

In the present case, the cocaine that was seized from petitioner's person was tested by a drug laboratory and tested positive for cocaine. In light of the additional evidence which established that petitioner was in possession of over 50 grams of cocaine, any erroneous admission of the field tests conducted on the cocaine in court did not deprive petitioner of a fair trial so as to entitle him to habeas relief. *See Sherman v. Scott,* 62 F. 3d 136, 142, n. 6 (5th Cir. 1995).

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* A federal district court may grant or deny a certificate of appealability when the court

23

issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right.  Jurists of reason would not find this Court's resolution of petitioner's claims to be debatable or that they should receive encouragement to proceed further. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated:  February 20, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED   STATES   DISTRICT   JUDGE

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
February 20, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk